**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NETFLIX, INC., NETFLIX STUDIOS, LLC, NETFLIX US, LLC, and NETFLIX WORLDWIDE ENTERTAINMENT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE “A”,<br><br>Defendants. | Case No. 26-cv-07660<br><br>**Judge John J. Tharp Jr.**<br><br>**Magistrate Judge Laura K. McNally** |

**SUPPLEMENT TO PLAINTIFFS’ *EX PARTE* MOTION FOR
ENTRY OF A TEMPORARY RESTRAINING ORDER [18]**

Pursuant to the Court’s Order [26] Plaintiffs Netflix, Inc., Netflix Studios, LLC, Netflix US, LLC, and Netflix Worldwide Entertainment, LLC (collectively, “Plaintiff”) supplement their *Ex Parte* Motion for Entry of a Temporary Restraining Order [18] as follows:

**INTRODUCTION**

At the time of this filing, Plaintiff has not sought an order authorizing electronic service of process upon defendants, although Plaintiff does intend to do so shortly. Nonetheless, Plaintiff maintains that the decision in *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co., see Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 2026 U.S. App. LEXIS 15376 (7th Cir. May 29, 2026) will not impact service of process in this case. As such, Plaintiff respectfully requests that the Court grant Plaintiff’s *Ex Parte* Motion for Entry of a Temporary Restraining Order [18][1].

[1] In its Memorandum [19], Plaintiff also requested that it may provide notice of a preliminary injunction to Defendants via e-mail. Fed. R. Civ. P. 65 permits the issuance of a preliminary injunction “only on notice.”

Plaintiff has good cause to suspect the Defendants are all residents of foreign jurisdictions, including, but not limited to, China and Hong Kong. Declaration of Kahlia R. Halpern ("Halpern Decl.") at ¶ 3. Certain countries that Defendants reside in are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). *Id.* Plaintiff's investigation has determined that certain Defendants' addresses are unknown, so the Hague Convention does not apply. The remaining Defendants have addresses in countries that have not objected to service via postal channels, which includes e-mail. Service by e-mail is permissible in those countries.

**ARGUMENTS**

**I. Hague Convention Does Not Apply to Certain Defendants**

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id.* at 3; *see Kangol, 2026 U.S. App. LEXIS 15376, at 10* (finding that the Hague Convention does not apply if defendant's address is not known pursuant to Article 1 of the Hague Convention).

In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms when registering their account. Halpern Decl. at ¶ 2. Since an e-commerce store operator can input any physical address, such addresses may be incomplete, false and/or are not where the e-commerce store operator is located. *Id.* Here, the third-party online

---

Fed. R. Civ. P. 65(a). However, "service of process is not required to notify a party of a decree or injunction. . ." *See* Advisory Committee notes of the 1993 amendment to FRCP Rule 4.1. The Seventh Circuit has confirmed that a preliminary injunction may be issued without formal service of process. *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (2012). Instead, the Seventh Circuit has found that notice of an injunction to adverse parties via e-mail is sufficient. *Teledyne Technologies Inc. v. Shekar*, 739 Fed. Appx. 347, 349 (7th Cir. 2018).

marketplace platforms generally provide a Seller Alias, a business name, and an address for each of the Defendants. *Id.*

Plaintiff's investigators completed searches using the Defendants' provided Seller Alias, address, and business (if available) through a variety of search engines and platforms. Declaration of Lijia Chen (the "Chen Decl.") at ¶¶ 2-8.

Based on the investigations, there was no information indicating that certain Defendants were available for service at their provided addresses. Chen Decl. at ¶ 10. As such, Defendants' addresses are not known so the Hague Convention does not apply to these Defendants. *Id.; see also Hallmark Licensing, LLC v. P'ships & Unincorporated Ass'sn Identified in Schedule "A",* Case No. 24-cv-112 (N.D. Ill. Mar. 31, 2025) (Docket Entry No. 70) (Bucklo, J.) (unpublished) ("Plaintiff offered evidence of its reasonably diligent efforts to ascertain defendant's address—including by using the very search engine ("Baidu") that defendants argue is used in China—and was unable to confirm it.").

## II. Other Countries Have Not Objected to Article 10(a)

Certain Defendants have addresses in Hong Kong. Hong Kong is a party to the Hague Convention but has not objected to Article 10(a) of the Hague Convention. *See Fox Shiver, LLC v. Individuals*, 2023 U.S. Dist. LEXIS 118387, at *5-6 (S.D.N.Y. Apr. 25, 2023) ("Hong Kong, Pakistan, Vietnam, and the United Kingdom, however, have not objected to Article 10 of the Hague Convention or to postal service."). Article 10(a) of the Hague Convention permits service by "postal channels, directly to persons abroad." *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 2026 U.S. App. LEXIS 15376, at *16 (7th Cir. 2026) (quoting Hague Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638); *see also Trade Well Int'l v. United Cent. Bank*, 825

F.3d 854, 860 (7th Cir. 2016) ("[S]imple certified mail [is] a method permitted by Article 10(a) of the Hague Convention, so long as the foreign country does not object.").

Courts have found that "postal channels" encompasses e-mail. *Poseidon Technology Limited v. Joygame Studio Limited*, No. 26-cv-06831 (N.D. Ill. July 1, 2026), ECF Nos. 23-24 (Hunt, J.); *Luxottica Grp. S.p.A. v. P'ships and Unincorporated Ass'ns Identified on Schedule "A,"* 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019). Service by e-mail on the Defendants in the countries that do not object to Article 10(a) is, therefore, permissible. *See, e.g., Abercrombie & Fitch Trading Co. v. Quester (US) Enters.*, 2025 U.S. Dist. LEXIS 24810, at *7-8 (S.D.N.Y. Feb. 11, 2025) (collecting cases).

**CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that the Court enter Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order [18].

Dated this 21st day of July 2026.

Respectfully submitted,

/s/ Justin R. Gaudio

Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiffs Netflix, Inc., Netflix Studios, LLC, Netflix US, LLC, and Netflix Worldwide Entertainment, LLC*